LAW OFFICES OF MARK YABLONOVICH
Mark Yablonovich, Esq., Cal. State Bar No. 186670
(E-Mail: mark@yablonovichlaw.com)
Michael Coats, Esq., Cal. State Bar No. 258941
(E-Mail: michael@yablonovichlaw.com)
1875 Century Park East, Suite 700
Los Angeles, California  90067-2508
Telephone: (310) 286-0246•Fax: (310) 407-5391

Attorneys for Plaintiff Zenia Chavarria

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENIA CHAVARRIA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RALPHS GROCERY COMPANY, an Ohio Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **CV11- 02109** RSWL (VBKx)<br><br>**CLASS ACTION COMPLAINT**<br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(4) Violation of California Labor Code §§ 1194, 1197 and 1197.1 (Unpaid Minimum Wages);<br>(5) Violation of Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);<br>(7) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements);<br>(8) Violation of California Business & Professions Code §§ 17200 et seq.<br>**Jury Trial Demanded** |

1    Plaintiff Zenia Chavarria, individually and on behalf of all other members

2    of the public similarly situated, alleges as follows:

3                          **JURISDICTION AND VENUE**

4         1.    This class action is brought pursuant to Federal Rule of Civil

5    Procedure section 23 for various violations of the California Labor Code and

6    California law.

7         2.    Plaintiff alleges that Defendant RALPHS GROCERY COMPANY

8    ('Defendant'), was incorporated in the State of Ohio and maintains its principal

9    place of business in Ohio and is thus a citizen of Ohio.  Plaintiff is a resident and

10   citizen of California.  Plaintiff alleges on information and belief that the total

11   amount in controversy related to her claims are in excess of $75,000.  Thus, this

12   Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

13   Moreover, Plaintiff alleges, on information and belief, that the aggregate amount

14   in controversy for this class action exceeds five million dollars ($5,000,000.00),

15   exclusive of interest and costs, and that the class exceeds 100 members.  Plaintiff

16   alleges that the vast majority of putative class members, including Plaintiff, are

17   citizens of California.  Thus this Court has jurisdiction over this action pursuant to

18   28 U.S.C. § 1332(d).  The Court has supplemental jurisdiction over the state law

19   claims pursuant to 28 U.S.C. § 1367.

20        3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and

21   (b) because Defendant maintains offices, has agents, and is licensed to transact

22   and does transact business, in this district.

23                               **THE PARTIES**

24        4.    Plaintiff ZENIA CHAVARRIA is a resident of Los Angeles County,

25   California.

26        5.    Defendant RALPHS GROCERY COMPANY, was and is, upon

27   information and belief, an Ohio corporation and an employer whose employees

28

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

1   are engaged throughout this county, the State of California and the various states

2   of the United States of America.

3       6.      Plaintiff is unaware of the true names or capacities of the Defendants

4   sued herein under the fictitious names DOES 1 through 10, but pray for leave to

5   amend and serve such fictitiously named Defendants once their names and

6   capacities become known.

7       7.      Plaintiff is informed and believes, and thereon alleges, that DOES 1

8   through 10 are the partners, agents, owners, shareholders, managers or employees

9   of RALPHS GROCERY COMPANY.

10      8.      Plaintiff is informed and believes, and thereon alleges, that each and

11  all of the acts and omissions alleged herein was performed by, or is attributable to,

12  RALPHS GROCERY COMPANY and DOES 1 through 10 (collectively

13  'Defendants'), each acting as the agent for the other, with legal authority to act on

14  the other's behalf.  The acts of any and all Defendants were in accordance with,

15  and represent, the official policy of Defendants.

16      9.      At all relevant times, Defendants, and each of them, ratified each and

17  every act or omission complained of herein.  At all relevant times, Defendants,

18  and each of them, aided and abetted the acts and omissions of each and all the

19  other Defendants in proximately causing the damages herein alleged.

20      10.     Plaintiff is informed and believes, and thereon alleges, that each of

21  said Defendants is in some manner intentionally, negligently, or otherwise

22  responsible for the acts, omissions, occurrences and transactions alleged herein.

23                      **CLASS ACTION ALLEGATIONS**

24      11.     Plaintiff brings this action on her own behalf, as well as on behalf of

25  each and all other persons similarly situated, and thus, seek class certification

26  under Federal Rules of Civil Procedure 23(a), (b)(2), and/or (b)(3).

27      12.     All claims alleged herein arise under California law for which

28

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

1  Plaintiff seeks relief authorized by California law.

2      13.   The proposed subclasses consist of and are defined as:

3            Unpaid Wages Subclass:

4            All non-exempt or hourly paid employees who worked as "Service

5            Deli Clerks" for Defendants in California within four years prior to

6            the filing of this complaint until the date of certification.

7            Penalties Subclass:

8            All former non-exempt or hourly paid employees of Defendants who

9            worked as "Service Deli Clerks" in California within one year prior to

10            the filing of this complaint until the date of certification and did not

11            receive an accurate wage statement.

12      14.   Plaintiff reserves the right to establish sub-classes as appropriate.

13      15.   There is a well-defined community of interest in the litigation and the

14  class is readily ascertainable:

15          (a)   Numerosity: The members of the class (and each subclass, if

16          any) are so numerous that joinder of all members would be unfeasible

17          and impractical. The membership of the entire class is unknown to

18          Plaintiff at this time, however, the class is estimated to be greater

19          than one-hundred (100) individuals and the identity of such

20          membership is readily ascertainable by inspection of Defendants'

21          employment records.

22          (b)   Typicality: Plaintiff is qualified to, and will, fairly and

23          adequately protect the interests of each class member with whom

24          they have a well-defined community of interest, and Plaintiffs claims

25          (or defenses, if any) are typical of all class members' as demonstrated

26          herein.

27          (c)   Adequacy: Plaintiff is qualified to, and will, fairly and

28

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

CLASS ACTION COMPLAINT

1   adequately, protect the interests of each class member with whom she

2   has a well-defined community of interest and typicality of claims, as

3   alleged herein.  Plaintiff acknowledges that she has an obligation to

4   make known to the Court any relationship, conflicts, or differences

5   with any class member.  Plaintiffs attorneys,  the proposed class

6   counsel, are versed in the rules governing class action discovery,

7   certification, and settlement.  Plaintiff has incurred, and throughout

8   the duration of this action will continue to incur costs and attorneys'

9   fees that have been, are, and will be necessarily expended for the

10   prosecution of this action for the substantial benefit of each class

11   member.

12   (d)    Superiority: The nature of this action makes the use of class

13   action adjudication superior to other methods.  Class action will

14   achieve economies of time, effort and expense as compared with

15   separate lawsuits, and will avoid inconsistent outcomes because the

16   same issues can be adjudicated in the same manner and at the same

17   time for the entire class.

18   (e)    Public Policy Considerations: Employers of the State violate

19   employment and labor laws every day.  Current employees are often

20   afraid to assert their rights out of fear of direct or indirect retaliation.

21   Former employees are fearful of bringing actions because they

22   believe their former employers might damage their future endeavors

23   through negative references and/or other means.  Class actions

24   provide the class members who are not named in the complaint with a

25   type of anonymity that allows for the vindication of their rights at the

26   same time as their privacy is protected.

27

28

CLASS ACTION COMPLAINT

1

**GENERAL ALLEGATIONS**

2   16.   At all relevant times set forth, Defendants employed Plaintiff and

3   other persons as non-exempt or hourly employees.

4   17.   Defendants employed Plaintiff from October 2008 to March 2009 as

5   a "Service Deli Clerk" at Defendants' store location in Los Angeles, California.

6   While employed as a "Service Deli Clerk," Plaintiff's general job duties were to

7   prepare and roast rotisserie chicken, perform temperature checks to monitor the

8   rotisserie chicken, prepare sandwiches, maintain food safety standards, and

9   maintain and clean the Service Deli area.

10   18.   Defendants continue to employ other non-exempt or hourly

11   employees within California and throughout the United States.

12   19.   Plaintiff is informed and believes, and thereon alleges, that

13   employees were not paid for all hours worked, because all hours worked were not

14   recorded.

15   20.   Plaintiff is informed and believes, and thereon alleges, that at all

16   times herein mentioned, Defendants were advised by skilled lawyers and other

17   professionals, employees and advisors knowledgeable about California labor and

18   wage law, employment and personnel practices, and about the requirements of

19   California law.

20   21.   Plaintiff is informed and believes, and thereon alleges, that

21   Defendants knew or should have known that Plaintiff and class members were

22   entitled to receive certain wages for overtime compensation and that they were not

23   receiving certain wages for overtime compensation, in violation of the California

24   Labor Code.

25   22.   Plaintiff is informed and believes, and thereon alleges, that

26   Defendants knew or should have known that Plaintiff and class members were

27   entitled to receive all meal periods or payment of one additional hour of pay at

28

Sidebar: LAW OFFICES OF MARK YABLONOVICH LOS ANGELES

1  Plaintiffs and class members' regular rate of pay when they did not receive a timely

2  uninterrupted meal period. In violation of the California Labor Code, Plaintiff

3  was not provided timely and uninterrupted meal periods.

4      23.    Plaintiff is informed and believes, and thereon alleges, that

5  Defendants knew or should have known that Plaintiff and class members were

6  entitled to receive all rest periods or payment of one additional hour of pay at

7  Plaintiffs and class members' regular rate of pay when a rest period was missed. In

8  violation of the California Labor Code, Plaintiff was not provided rest periods.

9      24.    Plaintiff is informed and believes, and thereon alleges, that

10  Defendants knew or should have known that Plaintiff and class members were

11  entitled to receive at least minimum wages for compensation and that they were

12  not receiving at least minimum wages for work that was required to be done off-

13  the-clock. In violation of the California Labor Code, Plaintiff was not paid at least

14  minimum wages for work done off-the-clock.

15      25.    Plaintiff is informed and believes, and thereon alleges, that

16  Defendants knew or should have known that Plaintiff and class members were

17  entitled to receive all the wages owed to them upon discharge. In violation of the

18  California Labor Code, Plaintiff did not receive all wages owed to her, including,

19  but not limited to, overtime and minimum wages and meal and rest period

20  premiums, upon her discharge from Defendants' employ.

21      26.    Plaintiff is informed and believes, and thereon alleges, that

22  Defendants knew or should have known that Plaintiff and class members were

23  entitled to timely payment of wages during employment. In violation of the

24  California Labor Code, Plaintiff did not receive payment of all wages, including,

25  but not limited to, overtime and minimum wages and meal and rest period

26  premiums, within permissible time periods.

27      27.    Plaintiff is informed and believes, and thereon alleges, that

28

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

CLASS ACTION COMPLAINT

1  Defendants knew or should have known that Plaintiff and class members were

2  entitled to receive complete and accurate wage statements in accordance with

3  California law. In violation of the California Labor Code, Plaintiff was not

4  provided complete and accurate wage statements.

5      28.    Plaintiff is informed and believes, and thereon alleges, that at all

6  times herein mentioned, Defendants knew or should have known that they had a

7  duty to compensate Plaintiff and class members, and that Defendants had the

8  financial ability to pay such compensation, but wilfully, knowingly and

9  intentionally failed to do so, and falsely represented to Plaintiff and other class

10  members that they were properly denied wages, all in order to increase Defendants'

11  profits.

12      29.    California Labor Code section 218 states that nothing in Article 1 of

13  the Labor Code shall limit the right of any wage claimant to "sue directly . . . for

14  any wages or penalty due [to] him [or her] under this article."

15  ## FIRST CAUSE OF ACTION

16  ## Violation of California Labor Code §§ 510 and 1198 – Unpaid Overtime

17  ## (Against All Defendants)

18      30.    Plaintiff incorporates by reference and re-alleges as if fully stated

19  herein the material allegations set out in paragraphs 1 through 29.

20      31.    California Labor Code section 1198 and the applicable Industrial

21  Welfare Commission ('IWC') Wage Order provide that it is unlawful to employ

22  persons without compensating them at a rate of pay either time-and-one-half or

23  two-times that person's regular rate of pay, depending on the number of hours

24  worked by the person on a daily or weekly basis.

25      32.    Specifically, the applicable IWC Wage Order provides that

26  Defendants are and were required to pay Plaintiff and class members employed by

27  Defendants, and working more than eight (8) hours in a day or more than forty

28

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

CLASS ACTION COMPLAINT

1   (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in

2   excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

3       33.    California Labor Code section 510 codifies the right to overtime

4   compensation at one-and-one-half times the regular hourly rate for hours worked

5   in excess of eight (8) hours in a day or forty (40) hours in a week.

6       34.    During the relevant time period, Plaintiff and class members worked

7   in excess of eight (8) hours in a day and in excess of forty (40) hours in a week.

8       35.    During the relevant time period, Plaintiff and class members worked

9   off-the-clock. For example, Plaintiff was required to work through her meal and

10  rest periods after clocking out due to insufficient staffing, causing her shifts to

11  exceed eight (8) hours. Plaintiff was not paid overtime for this off-the-clock

12  work.

13      36.    Defendants' failure to pay Plaintiff and class members the unpaid

14  balance of overtime compensation, as required by California laws, violates the

15  provisions of California Labor Code sections 510 and 1198, and is therefore

16  unlawful.

17      37.    Pursuant to California Labor Code section 1194, Plaintiff and class

18  members are entitled to recover their unpaid overtime compensation, as well as

19  interest, costs and attorneys' fees.

20              **SECOND CAUSE OF ACTION**

21  **Violation of California Labor Code §§ 226.7 and 512(a) – Unpaid Meal**

22                      **Period Premiums**

23                  **(Against All Defendants)**

24      38.    Plaintiff incorporates by reference and re-alleges as if fully stated

25  herein the material allegations set out in paragraphs 1 through 37.

26      39.    At all relevant times, the applicable IWC Wage Order and California

27  Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs and class

28

1   members' employment by Defendants.

2       40.    At all relevant times, California Labor Code section 226.7 provides

3   that no employer shall require an employee to work during any meal period

4   mandated by an applicable order of the California IWC.

5       41.    At all relevant times, the applicable IWC Wage Order and California

6   Labor Code section 512(a) provide that an employer may not require, cause or

7   permit an employee to work for a period of more than five (5) hours per day

8   without providing the employee with an uninterrupted meal period of not less than

9   thirty (30) minutes, except that if the total work period per day of the employee is

10   not more than six (6) hours, the meal period may be waived by mutual consent of

11   both the employer and the employee.

12       42.    During the relevant time period, Plaintiff and class members who

13   were scheduled to work for a period of time in excess of six (6) hours were

14   required to work for periods longer than five (5) hours without an uninterrupted

15   meal period of not less than thirty (30) minutes.

16       43.    During the relevant time period, Defendants willfully required

17   Plaintiff and class members to work during meal periods and failed to compensate

18   Plaintiff and class members for work performed during meal periods. For

19   example, Plaintiff was required to remain within the Service Deli department

20   during her meal period in order to assist customers. Defendants often did not

21   schedule sufficient employees so as to allow Plaintiff to take a full 30-minute and

22   uninterrupted meal period.

23       44.    During the relevant time period, Defendants failed to pay Plaintiff

24   and class members the full meal period premium due pursuant to California Labor

25   Code section 226.7.

26       45.    Defendants' conduct violates the applicable IWC Wage Orders and

27   California Labor Code sections 226.7 and 512(a).

28

CLASS ACTION COMPLAINT

46.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

## THIRD CAUSE OF ACTION

### Violation of California Labor Code § 226.7 – Unpaid Rest Period Premiums
### (Against All Defendants)

47.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 46.

48.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs and class members' employment by Defendants.

49.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

50.    At all relevant times, the applicable IWC Wage Order provides that '[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period' and that the 'rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof' unless the total daily work time is less than three and one-half (3½) hours.

51.    During the relevant time period, Defendants required Plaintiff and class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.  For example, Plaintiff frequently was unable to take a rest break because of insufficient staffing.

52.    During the relevant time period, Defendants willfully required Plaintiff and class members to work during rest periods.

53.     During the relevant time period, Defendants failed to pay Plaintiff and class members the full rest period premium due pursuant to California Labor Code section 226.7.

54.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.

55.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 1194, 1197 and 1197.1 – Unpaid Minimum Wages

### (Against All Defendants)

56.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 55.

57.     At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

58.     During the relevant time period, Plaintiff and class members were frequently required to work during meal and rest periods without compensation. For example, Plaintiff and class members had to remain within the Service Deli department after clocking out for lunch to assist customers.

59.     During the relevant time period, Defendants regularly failed to pay minimum wage to Plaintiff and class members as required, pursuant to California Labor Code sections 1194, 1197 and 1197.1.  Plaintiff was not paid for the time she worked through meal and rest periods.

CLASS ACTION COMPLAINT

60.     Defendants' failure to pay Plaintiff and class Members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those sections Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

61.     Pursuant to California Labor Code section 1197.1, Plaintiff and class members are entitled to recover a penalty of one hundred dollars ($100) for the initial failure to timely pay each employee minimum wages, and two hundred fifty dollars ($250) for each subsequent failure to pay each employee minimum wages.

62.     Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon Termination

### (Against All Defendants)

63.     Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 62.

64.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

CLASS ACTION COMPLAINT

65.     During the relevant time period, Defendants wilfully failed to pay class members who are no longer employed by Defendants their earned and unpaid wages, including but not limited to unpaid overtime, minimum wages and/or meal and rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

66.     Defendants' failure to pay Plaintiff and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

67.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

68.     Plaintiff and class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### Violation of California Labor Code § 204 – Wages Not Timely Paid During Employment

### (Against All Defendants)

69.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 68.

70.     At all relevant times, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

1  termination of an employee, are due and payable between the 16th and the 26th

2  day of the month during which the labor was performed.

3      71.    At all relevant times, California Labor Code section 204 provides that

4  all wages earned by any person in any employment between the 16th and the last

5  day, inclusive, of any calendar month, other than those wages due upon

6  termination of an employee, are due and payable between the 1st and the 10th day

7  of the following month.

8      72.    At all relevant times, California Labor Code section 204 provides that

9  all wages earned for labor in excess of the normal work period shall be paid no

10  later than the payday for the next regular payroll period.

11      73.    During the relevant time period, Defendants willfully failed to pay

12  Plaintiff and class members all wages due to them, including but not limited to,

13  unpaid overtime, minimum wages and/or meal and rest period premiums, within

14  any time period permissible by California Labor Code section 204.

15      74.    Plaintiff and class members are entitled to recover all remedies

16  available for violations of California Labor Code section 204.

17      75.    At all relevant times, California Labor Code section 210 provides that

18  every person who fails to pay the wages of each employee in violation of

19  California Labor Code section 204 shall be subjected to a civil penalty of one

20  hundred dollars ($100) for each initial violation and two hundred dollars ($200)

21  for each subsequent violation, plus twenty-five percent (25%) of the amount

22  withheld.

### SEVENTH CAUSE OF ACTION

**Violation of California Labor Code § 226(a) – Non-compliant Wage**

**Statements**

**(Against All Defendants)**

27      76.    Plaintiff incorporates by reference and re-alleges as if fully stated

28

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

1    herein the material allegations set out in paragraphs 1 through 75.

2        77.    At all material times set forth herein, California Labor Code section

3    226(a) provides that every employer shall furnish each of his or her employees an

4    accurate itemized wage statement in writing showing nine items of information,

5    including total hours worked by the employee, all applicable hourly rates and the

6    total hours worked at each rate by the employee, the inclusive dates of the period

7    for which the employee is paid and the name and address of the legal entity that is

8    the employer.

9        78.    Defendants have intentionally and wilfully failed to provide

10   employees with complete and accurate wage statements.  The deficiencies include,

11   among other things, the failure to list the total hours worked.

12       79.    As a result of Defendants' violation of California Labor Code section

13   226(a), Plaintiff and class members have suffered injury and damage to their

14   statutorily protected rights.

15       80.    Specifically, Plaintiff and class members have been injured by

16   Defendants' intentional violation of California Labor Code section 226(a) because

17   they were denied both their legal right to receive, and their protected interest in

18   receiving, accurate, itemized wage statements under California Labor Code

19   section 226(a).

20       81.    Plaintiff and class members are entitled to recover from Defendants

21   the greater of their actual damages caused by Defendants' failure to comply with

22   California Labor Code section 226(a), or an aggregate penalty not exceeding four

23   thousand dollars ($4,000) per employee.

24       82.    Pursuant to California Labor Code section 226(g), Plaintiff and class

25   members are also entitled to injunctive relief to ensure compliance with this

26   section.

27

28

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

CLASS ACTION COMPLAINT

## EIGHTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200 *et seq.*

### (Against All Defendants)

83.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 82.

84.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

85.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200 *et seq.*

86.     A violation of California Business & Professions Code sections 17200 *et seq.* may be predicated on the violation of any state or federal law. Here, Defendants' policies and practices of requiring non-exempt employees, including Plaintiff and class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring non-exempt employees, including Plaintiff and class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of not paying at least minimum wages violate California Labor Code sections 1194, 1197 and 1197.1. Defendants' policies and practices of failing to timely pay wages upon termination violate California Labor Code sections 201 and 202. Defendants' policies and practices of failing to timely pay wages violate California Labor Code section 204. Finally, Defendants' policies and practices of providing inaccurate wage statements violate California Labor Code section 226(a).

87.     Plaintiff and class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money or property.

88.     Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff and class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury.

## PRAYER FOR RELIEF

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.     For damages, restitution and penalties in excess of seventy-five thousand dollars ($75,000).

## Class Certification

2.     That this class be certified as a class action;

3.     That Plaintiff be appointed as the representatives of the Class; and

4.     That counsel for Plaintiff be appointed as Class Counsel.

## As to the First Cause of Action

5.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and class members;

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and class members;

11.    That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.    For all actual, consequential and incidental losses and damages, according to proof;

13.    For premiums pursuant to California Labor Code section 226.7(b);

14.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

15.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

16.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

17.    That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each

CLASS ACTION COMPLAINT

1  workday that a rest period was not provided;

2      18.   For all actual, consequential, and incidental losses and damages,
3  according to proof;

4      19.   For premiums pursuant to California Labor Code section 226.7(b);

5      20.   For pre-judgment interest on any unpaid wages from the date such
6  amounts were due; and

7      21.   For such other and further relief as the Court may deem equitable
8  and appropriate.

9                      **As to the Fourth Cause of Action**

10     22.   That the Court declare, adjudge and decree that Defendants violated
11  California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay
12  minimum wages to Plaintiff and class members;

13     23.   For general unpaid wages and such general and special damages as
14  may be appropriate;

15     24.   For statutory wage penalties pursuant to California Labor Code
16  section 1197.1 for Plaintiff and class members in the amount as may be
17  established according to proof at trial;

18     25.   For pre-judgment interest on any unpaid compensation from the date
19  such amounts were due;

20     26.   For reasonable attorneys' fees and for costs of suit incurred herein
21  pursuant to California Labor Code section 1194(a);

22     27.   For liquidated damages pursuant to California Labor Code section
23  1194.2; and

24     28.   For such other and further relief as the Court may deem equitable
25  and appropriate.

26                      **As to the Fifth Cause of Action**

27     29.   That the Court declare, adjudge and decree that Defendants violated

28

CLASS ACTION COMPLAINT

1    California Labor Code sections 201, 202 and 203 by willfully failing to pay all
2    compensation owed at the time of termination of the employment of Plaintiff and
3    other terminated class members;

4        30.    For all actual, consequential and incidental losses and damages,
5    according to proof;

6        31.    For waiting time penalties according to proof pursuant to California
7    Labor Code section 203 for all employees who have left Defendants' employ;

8        32.    For pre-judgment interest on any unpaid wages from the date such
9    amounts were due; and

10       33.    For such other and further relief as the Court may deem equitable
11    and appropriate.

12                    **As to the Sixth Cause of Action**

13       34.    That the Court declare, adjudge and decree that Defendants violated
14    California Labor Code section 204 by willfully failing to pay all compensation
15    owed at the time required by California Labor Code section 204, to Plaintiff and
16    class members;

17       35.    For all actual, consequential and incidental losses and damages,
18    according to proof;

19       36.    For statutory wage penalties pursuant to California Labor Code
20    section 210 for Plaintiff and all other class members;

21       37.    For pre-judgment interest on any untimely paid compensation, from
22    the date such amounts were due; and

23       38.    For such other and further relief as the Court may deem equitable
24    and appropriate.

25                    **As to the Seventh Cause of Action**

26       39.    That the Court declare, adjudge and decree that Defendants violated
27    the record keeping provisions of California Labor Code section 226(a) and

28

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

1  applicable IWC Wage Orders as to Plaintiff and class members, and willfully

2  failed to provide accurate itemized wage statements thereto;

3     40.   For all actual, consequential and incidental losses and damages,

4  according to proof;

5     41.   For statutory penalties pursuant to California Labor Code section

6  226(e);

7     42.   For injunctive relief to ensure compliance with this section, pursuant

8  to California Labor Code section 226(g); and

9     43.   For such other and further relief as the Court may deem equitable

10 and appropriate.

11                   **As to the Eighth Cause of Action**

12    44.   That the Court declare, adjudge and decree that Defendants violated

13 California Business and Professions Code sections 17200 *et seq.* by failing to

14 provide Plaintiff and class members all overtime compensation due to them,

15 failing to provide all meal and rest periods to Plaintiff and class members, failing

16 to pay for all missed meal and rest periods to Plaintiff and class members, failing

17 to pay at least minimum wages to Plaintiff and class members, by failing to pay

18 Plaintiffs and class members' wages timely as required by California Labor Code

19 sections 201, 202, 203 and 204 and by failing to provide Plaintiff and class

20 members with complete and accurate wage statements.

21    45.   For restitution of unpaid wages to Plaintiff and all class members

22 and prejudgment interest from the day such amounts were due and payable;

23    46.   For the appointment of a receiver to receive, manage and distribute

24 any and all funds disgorged from Defendants and determined to have been

25 wrongfully acquired by Defendants as a result of violations of California

26 Business & Professions Code sections 17200 *et seq.*;

27    47.   For reasonable attorneys' fees and costs of suit incurred herein

28

LAW OFFICES OF
MARK YABLONOVICH
LOS ANGELES

1    pursuant to California Code of Civil Procedure section 1021.5;

2         48.    For injunctive relief to ensure compliance with this section, pursuant

3    to California Business & Professions Code sections 17200 *et seq*; and

4         49.    For such other and further relief as the Court may deem equitable

5    and appropriate.

7    Dated:  March 11, 2011          LAW OFFICES OF MARK
                                     YABLONOVICH

9                                    By:

10                                        Mark Yablonovich, Esq.
                                          Michael Coats, Esq.

12                                   Attorneys for Plaintiff Zenia Chavarria,
                                     and all others similarly situated

14                        **DEMAND FOR JURY TRIAL**

15        Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the

16   Federal Rules of Civil Procedure.

18   Dated:  March 11, 2011          LAW OFFICES OF MARK
                                     YABLONOVICH

20                                   By:

21                                        Mark Yablonovich, Esq.
                                          Michael Coats, Esq.

23                                   Attorneys for Plaintiff Zenia Chavarria,
                                     and all others similarly situated

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 2109 RSWL (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

LAW OFFICES OF MARK YABLONOVICH
Mark Yablonovich, Esq. (SBN 186670)
Michael Coats, Esq. (SBN 258941)
1875 Century Park East, Suite 700
Los Angeles, CA 90067
Telephone: (310) 286-0246

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ZENIA CHAVARRIA, individually, and on behalf of other members of the general public similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV11-02109** PSWL (VBKx) |
| v. | |
| RALPHS GROCERY COMPANY, an Ohio Corporation; and DOES 1 through 10, inclusive, | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): <u>RALPHS GROCERY COMPANY</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, <u>Law Offices of Mark Yablonovich</u>, whose address is <u>1875 Century Park East, Suite 700, Los Angeles, CA 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

MAR 1 1 2011

Dated: _____

Clerk, U.S. District Court

By: _____

**JULIE PRADO**

Deputy Clerk

**SEAL**

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED ST.__ ES DISTRICT COURT, CENTRAL DISTRIC~OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □)<br>ZENIA CHAVARRIA, individually, and on behalf of other members of the<br>general public similarly situated | DEFENDANTS<br>RALPHS GROCERY COMPANY, an Ohio Corporation; and DOES 1 through<br>10, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br><br>LAW OFFICES OF MARK YABLONOVICH<br>Mark Yablonovich, Esq. (SBN 186670), Michael Coats, Esq. (SBN 258941)<br>1875 Century Park East, Suite 700, Los Angeles, CA 90067, (310) 286-0246 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff    □ 3 Federal Question (U.S.
                                         Government Not a Party)

□ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship
                                         of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | □ 1 | Incorporated or Principal Place<br>of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | ☒ 2 | Incorporated and Principal Place<br>of Business in Another State | □ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original        □ 2 Removed from   □ 3 Remanded from    □ 4 Reinstated or   □ 5 Transferred from another district (specify):   □ 6 Multi-      □ 7 Appeal to District
    Proceeding          State Court        Appellate Court       Reopened                                                             District        Judge from
                                                                                                                                      Litigation      Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  □ No           ☒ MONEY DEMANDED IN COMPLAINT: $ In excess of $5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
    CA Labor code sections 510, 1198, 226.7, 512(a), 1194, 1197, 1197.1, 201, 202, 204, 226(a); Business and Professions Code section 17200.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| □ 400 State Reapportionment<br>□ 410 Antitrust<br>□ 430 Banks and Banking<br>□ 450 Commerce/ICC<br>     Rates/etc.<br>□ 460 Deportation<br>□ 470 Racketeer Influenced<br>     and Corrupt<br>     Organizations<br>□ 480 Consumer Credit<br>□ 490 Cable/Sat TV<br>□ 810 Selective Service<br>□ 850 Securities/Commodities/<br>     Exchange<br>□ 875 Customer Challenge 12<br>     USC 3410<br>□ 890 Other Statutory Actions<br>□ 891 Agricultural Act<br>□ 892 Economic Stabilization<br>     Act<br>□ 893 Environmental Matters<br>□ 894 Energy Allocation Act<br>□ 895 Freedom of Info. Act<br>□ 900 Appeal of Fee Determi-<br>     nation Under Equal<br>     Access to Justice<br>□ 950 Constitutionality of<br>     State Statutes | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of<br>     Overpayment &<br>     Enforcement of<br>     Judgment<br>□ 151 Medicare Act<br>□ 152 Recovery of Defaulted<br>     Student Loan (Excl.<br>     Veterans)<br>□ 153 Recovery of<br>     Overpayment of<br>     Veteran's Benefits<br>□ 160 Stockholders' Suits<br>□ 190 Other Contract<br>□ 195 Contract Product<br>     Liability<br>□ 196 Franchise<br><br>□ 210 Land Condemnation<br>□ 220 Foreclosure<br>□ 230 Rent Lease & Ejectment<br>□ 240 Torts to Land<br>□ 245 Tort Product Liability<br>□ 290 All Other Real Property | □ 310 Airplane<br>□ 315 Airplane Product<br>     Liability<br>□ 320 Assault, Libel &<br>     Slander<br>□ 330 Fed. Employers'<br>     Liability<br>□ 340 Marine<br>□ 345 Marine Product<br>     Liability<br>□ 350 Motor Vehicle<br>□ 355 Motor Vehicle<br>     Product Liability<br>□ 360 Other Personal<br>     Injury<br>□ 362 Personal Injury-<br>     Med Malpractice<br>□ 365 Personal Injury-<br>     Product Liability<br>□ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br><br>□ 462 Naturalization<br>     Application<br>□ 463 Habeas Corpus-<br>     Alien Detainee<br>□ 465 Other Immigration<br>     Actions | □ 370 Other Fraud<br>□ 371 Truth in Lending<br>□ 380 Other Personal<br>     Property Damage<br>□ 385 Property Damage<br>     Product Liability<br><br>□ 422 Appeal 28 USC<br>     158<br>□ 423 Withdrawal 28<br>     USC 157<br><br>□ 441 Voting<br>□ 442 Employment<br>□ 443 Housing/Acco-<br>     mmodations<br>□ 444 Welfare<br>□ 445 American with<br>     Disabilities -<br>     Employment<br>□ 446 American with<br>     Disabilities -<br>     Other<br>□ 440 Other Civil<br>     Rights | □ 510 Motions to<br>     Vacate Sentence<br>     Habeas Corpus<br>□ 530 General<br>□ 535 Death Penalty<br>□ 540 Mandamus/<br>     Other<br>□ 550 Civil Rights<br>□ 555 Prison Condition<br><br>□ 610 Agriculture<br>□ 620 Other Food &<br>     Drug<br>□ 625 Drug Related<br>     Seizure of<br>     Property 21 USC<br>     881<br>□ 630 Liquor Laws<br>□ 640 R.R. & Truck<br>□ 650 Airline Regs<br>□ 660 Occupational<br>     Safety /Health<br>□ 690 Other | □ 710 Fair Labor Standards<br>     Act<br>□ 720 Labor/Mgmt.<br>     Relations<br>□ 730 Labor/Mgmt.<br>     Reporting &<br>     Disclosure Act<br>□ 740 Railway Labor Act<br>☒ 790 Other Labor<br>     Litigation<br>□ 791 Empl. Ret. Inc.<br>     Security Act<br><br>□ 820 Copyrights<br>□ 830 Patent<br>□ 840 Trademark<br><br>□ 861 HIA (1395ff)<br>□ 862 Black Lung (923)<br>□ 863 DIWC/DIWW<br>     (405(g))<br>□ 864 SSID Title XVI<br>□ 865 RSI (405(g))<br><br>□ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>□ 871 IRS-Third Party 26<br>     USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number:   **CV11-02109**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED S1___ ьѕ DISTRICT COURT, CENTRAL DISTRIC__ьг CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Counties in California both in and outside this District. | All Counties in California both in and outside this District. |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date March 11, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |