LAW OFFICES OF MARK YABLONOVICH
Mark Yablonovich, Esq., Cal. State Bar No. 186670
(E-Mail: mark@yablonovichlaw.com)
Neda Roshanian, Esq., Cal. State Bar No. 225337
(E-Mail: neda@yablonovichlaw.com)
Michael Coats, Esq., Cal. State Bar No. 258941
(E-Mail: michael@yablonovichlaw.com)
1875 Century Park East, Suite 700
Los Angeles, California 90067-2508
Telephone: (310) 286-0246 • Fax: (310) 407-5391

Attorneys for Plaintiff Zenia Chavarria

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENIA CHAVARRIA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RALPHS GROCERY COMPANY, an Ohio Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:11-cv-02109-DDP (VBKx)<br><br>Assigned to: Hon. Dean D. Pregerson<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF THE OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THE ACTION**<br><br>Date: August 29, 2011<br>Time: 10:00 a.m.<br>Room: 3<br><br>Complaint Filed: March 11, 2011<br>Trial Date: Not Set<br>Disc. Cut-off: Not Set |

## A. Recent Rulings Confirm That the Federal Arbitration Act Does Not Preempt the Vindication of Unwaivable Statutory Rights Doctrine Articulated by *Gentry v. Superior Court*

Two significant rulings, both issued after the Motion to Compel Arbitration was filed, compel the conclusion that Ralphs' motion to compel arbitration be denied. First, on July 12, 2011, the California court of appeal reaffirmed that *Gentry v. Super. Ct.*, 42 Cal.4th 443 (2007) "remains the **binding** law of this state which [the court] must follow." *Brown v. Ralph's Grocery Store Co.*, 197 Cal. App. 4th 489, 505 (Kriegler, J., concurring) (emphasis added). *Brown* is the first California appellate court decision to have considered the impact of *AT&T Mobility LLC v. Concepcion*, 563 U.S. ___, 131 S. Ct. 1740 (2011) ("*Concepcion*") on the validity of a class action waiver. The *Brown* court not only implicitly upheld *Gentry*, but also distinguished *Gentry* from *Discover Bank*. *Id.* at 498 (noting that "while *Discover Bank* is a case about unconscionability, the rule set forth in *Gentry* is concerned with the effect of a class action waiver on unwaivable statutory rights *regardless of unconscionability*.") (citations omitted, emphasis in original).

*Brown*'s distinction between *Gentry* and *Discover Bank* is critical. In contrast to the categorical *Discover Bank* rule, the unwaivable statutory rights theory articulated by *Gentry* stems from an uninterrupted string of United States Supreme Court decisions prohibiting waivers of the plaintiff's substantive statutory rights from being smuggled into arbitration agreements. *See, e.g., Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 (1985) ("[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum."); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991) ("So long as the prospective litigant effectively

PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF THE OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THE ACTION

may vindicate [his or her] statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function."); *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 90 (2000) ("[C]laims arising under a statute designed to further important social policies may be arbitrated because 'so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum,' the statute serves its functions."); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 295 n.10 (2002) (holding that statutory claims may be arbitrated as long as a party can vindicate her substantive rights, citing *Mitsubishi*).

Although *Concepcion* addressed categorical class action waivers governed by *Discover Bank*, it did not disturb this long standing "vindication of statutory rights" doctrine. If *Concepcion* had intended to establish a rule that class waivers were enforceable regardless of their effect on substantive statutory rights, it would have had to confront and overrule a quarter-century of the Court's own precedent, including *Mitsubishi*, *Gilmer*, *Green Tree* and *Waffle House*. See *Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 18 (2000) ("This Court does not normally overturn, or so dramatically limit, earlier authority *sub silentio*."). That the *Concepcion* Court did not do so speaks to the limitations of its holding.

The second recent decision to illuminate *Concepcion*'s limitations was *Plows v. Rockwell Collins, Inc.*, No. 10-01936 DOC (MANx), 2011 U.S. Dist. LEXIS 88781 (C.D. Cal. August 9, 2011). In *Plows*, this Court expanded on *Brown* to find that "for the purposes of the current Motion to Compel Arbitration, *Gentry* is valid law." *Plows*, 2011 U.S. Dist. LEXIS 88781, at *13. While the *Brown* court declined to expressly rule on the question of whether *Gentry* was preempted by the Federal Arbitration Act ("FAA"), in *Plows*, the court reasoned that "if the California Court of Appeals had been required to

resolve that question, it would have decided in the negative." *Id.* at *12. As Judge Carter explained, *Brown* found that "*Concepcion* 'specifically deals with the rule enunciated in *Discover Bank*,' in declining to adopt a broad interpretation of the opinion." *Id.* at *13. Given the differences between *Discover Bank* and *Gentry* identified by *Brown*, Judge Carter concluded that *Brown*'s "reasoning [is] persuasive." *Id.*

Both this Court and the California Court of Appeal rejected the contention made here by Ralphs that, under *Concepcion*, the Federal Arbitration Act preempts the rule in *Gentry*. The reasoning of both *Brown* and *Plows* should be considered by the Court in determining whether the class action waiver at issue is valid and enforceable.

### B. Plaintiff Should Be Permitted to Take Discovery to Establish That the Arbitration Agreement Prevents Him From Vindicating His Rights Under The California Labor Code

Because the Plaintiff has not had the opportunity to take discovery bearing on the *Gentry* factors,[1] the Court should defer ruling on Ralphs' Motion until Plaintiff has had an opportunity to do so. *See Plows*, 2011 U.S. Dist. LEXIS 88781, at *14 (deferring decision on defendant's motion to compel arbitration until after plaintiff was permitted to conduct discovery aimed at establishing unenforceability under *Gentry*); *see also Hamby v. Power Toyota Irvine*, Case No. 11cv544-BTM (BGS), 2011 U.S. Dist. LEXIS 77582, *2-3 (S.D. Cal. July 18, 2011) (granting plaintiff's ex parte application to conduct discovery on the issue of unconscionability, and taking the defendant's motion to compel arbitration off calendar). For instance, without access to prospective class

---

[1] *Gentry*'s four-factor test requires that the trial court consider (1) whether the potential recovery is small; (2) the potential for retaliation against class members; (3) whether absent class members are likely to be poorly informed about their rights; and, (4) pragmatic, real-world impediments to the class members' vindication of their rights. *Gentry*, 42 Cal. 4th at 463.

Page 3
PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF THE OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY THE ACTION

members' names and contact information, Plaintiff is unable to establish the extent of similar claims that can be pursued on a practical basis in individual arbitration, and whether other employees are informed of their rights at issue in this suit.[2] Likewise, only by communicating with the prospective class members can Plaintiff establish the potential for retaliation or the other real-world implications of Ralphs' Arbitration Agreement, as *Gentry* mandates. *See Gentry*, 42 Cal. 4th at 463. *Accord Mitsubishi*, 473 U.S. at 614 (requiring safeguards for vindication of statutory rights).

### C. The Meaning of "Concerted Activity" Under Section 7 of the NLRA Is Currently Pending Before the NLRB, With a Decision Imminent

Plaintiff also brings to the Court's attention two recent developments bearing on another issue in dispute, the meaning of "concerted activity" under Section 7 of the National Labor Relations Act ("NLRA"). First, the Eighth Circuit Court of Appeals recently held that the NLRA applies in both the union and non-union contexts. *See Brady v. National Football League*, Civil No. 11-1898, 2011 U.S. App. LEXIS 14111 (8th Cir. July 8, 2011). *Brady* explained that workers who are not organized into a union may nonetheless self-organize or otherwise engage in concerted activities for the purpose of their mutual aid or protection. *Id.* at *32. *Brady* also establishes that a lawsuit filed by employees to achieve more favorable employment terms or conditions is *ipso facto* a "concerted activity" under section 7 of the NLRA. *Id.* at *34.

//

---

[2] *See e.g., Teimouri v. Macy's, Inc.*, No. 37-2010-00093577-CU-OE-CTL (Cal. Super. Ct., August 18, 2011) (order denying defendant's motion to compel arbitration), attached as Exhibit 1 to the Request for Notice. The *Teimouri* order shows that a class action waiver may be invalidated if competent evidence satisfying the *Gentry* factors establishes that class action/arbitration is a "significantly more effective practical means of vindicating Plaintiff's statutory rights rather than individual litigation or arbitration." Order at 2.

Second, the National Labor Relations Board ("NLRB") in *D.R. Horton, Inc. and Michael Cuda*, NLRB, No. 12-CA-25764, amicus briefing closed 8/24/2011) will soon decide whether a class action waiver such as Ralphs' here abrogates an employee's Section 7 rights under the NLRA.[3] Ralphs argues that the General Counsel of the NLRB concluded that employers need only allow the filing of "joint claims," but somehow not class actions or class arbitration. (Def's Reply Mem. At 9-12 & n.4.) Ralphs fails to mention that the **current** General Counsel has disclaimed this position, and interprets §7 as protecting the right to proceed as a class. Ralphs also fails to mention that the full board of the NLRB (like the current General Counsel) immediately found the administrative law judge's conclusion in *D.R. Horton* suspect, and are nearing the end of the review process of that decision now.[4] (Def's Reply Mem. at 13 (citing the ALJ's initial decision). After review, the NLRB will determine whether an arbitration agreement containing a class waiver strips workers of their rights under section 7 of the NLRA to bring joint, collective, and class actions for their mutual aid and protection.

**CONCLUSION**

Based on the foregoing, the Court should deny Plaintiff's Motion to Compel Arbitration, or, in the alternative, defer ruling on the matter until after

//
//
//
//

---

[3] The NLRB's "Notice and Invitation to Submit Briefs" document, setting forth the briefing schedule of this case, is attached to the Request for Judicial Notice as Exhibit 2.

[4] *D.R. Horton, Inc. & Cuda,* 2011 WL 11194 (NLRB. Div. of Judges, No. 12-CA- 25764, Jan. 3, 2011 ).

the *D.R. Horton* opinion is issued or until after the *Gentry* discovery is completed.

Dated: August 24, 2011

LAW OFFICES OF MARK YABLONOVICH

By: _____
Mark Yablonovich, Esq.
Neda Roshanian, Esq.
Michael Coats, Esq.

Attorneys for Plaintiff Zenia Chavarria, and all others similarly situated

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: 1875 Century Park East, Suite 700, Los Angeles, CA 90067.

On August 24, 2011 I served the following document described below as:

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF THE OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

On the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

( X )  **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day in the ordinary course of business.

( )  **BY FEDERAL EXPRESS:** I placed such envelope in the Federal Express drop slot for priority overnight service. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with Federal Express on that same day in the ordinary course of business.

( )  **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered to the office of the addressee on the date specified above.

( )  **FACSIMILE:** I caused such document(s) to be transmitted from facsimile number (310) 407-5391 to the facsimile machine(s) of the above-listed party(ies) on the date specified above. The transmission(s) was/were reported as complete and without error. The party(ies) has/have agreed in writing to service of the document(s) listed above by facsimile.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 24, 2011 at Los Angeles, California.

Michael Coats

1

PROOF OF SERVICE

**SERVICE LIST**

<u>Counsel for Defendant</u>
Steven Katz, Esq.
REED SMITH, LLP
355 South Grand Ave.
Suite 2900
Los Angeles, CA 90071

2